**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORA ALICIA HERNANDEZ; NESTOR ANIBAL ORELLANA HERNANDEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 06-74438 <br> 07-70401 <br><br> Agency Nos. A073-970-693 <br> A073-970-694 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated petitions, Dora Alicia Hernandez and Nestor Anibal

Orellana Hernandez, mother and son and natives and citizens of El Salvador,

petition for review of the Board of Immigration Appeals' ("BIA") orders

dismissing their appeal from an immigration judge's order denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for cancellation of removal, as well as the BIA's subsequent order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). In No. 06-74438, we dismiss in part and deny in part the petition for review. In No. 07-70401, we deny the petition for review.

Nestor Hernandez waived any challenge to the agency's conclusion that he is ineligible for cancellation of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not raised and argued in a party's opening brief are waived).

Dora Hernandez's equal protection claim is unavailing, because the U.S. citizen child of a person unlawfully present in the United States is not similarly situated to the U.S. citizen child of a person lawfully present in the United States. *See Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir. 2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons."). Dora Hernandez's due process claims do not raise a colorable constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("traditional abuse of discretion

07-70401

challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.")

Petitioners fail to address, and therefore have waived any challenge to, the BIA's January 5, 2007, decision denying reopening.  *See Martinez-Serrano*, 94 F.3d at 1259-60.

Petitioners' motion to remand is denied.

**In No. 06-74438:  PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**In No. 07-70401:  PETITION FOR REVIEW DENIED.**